Dayna J. Christian, OSB #97336
Jeff Demland, OSB #140767
Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, Oregon 97204
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: jeff.demland@immixlaw.com

Attorneys for Defendant Patrick Ezell

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| COPIOUS CREATIVE, INC., an Oregon corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK EZELL, an individual,<br><br>　　　　　　Defendant. | Case No.: 3:16-cv-00427-BR<br><br>DECLARATION OF DAYNA CHRISTIAN IN SUPPORT OF DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER |

　　I, Dayna Christian, being duly sworn, do hereby depose and say:

　　1.　　I am an attorney licensed to practice law in the State of Oregon and I am counsel of record for Defendant, Patrick Ezell ("Ezell").

　　2.　　Ezell was fired by Timothy Haskins, President of Plaintiff, Copious Creative, Inc. ("Copious") on February 17, 2016. According to Section 4.2 of the Buy-Sell Agreement

Page 1 – DECLARATION OF DAYNA CHRISTIAN

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

entered into by Copious, Mr. Haskins, and Mr. Ezell on January 22, 2007, in the event of the involuntary termination of a shareholder's employment, Copious "agrees to purchase all shares owned by the terminated Shareholder…within 90 days after…" the termination.

3. In the days prior to Ezell's firing, the day of his firing, and nearly every business day since his firing, either a member of my law firm or I have been conferring with Copious counsel, Rick Okamura.

4. I have been in constant communication with Mr. Okamura and Ezell has complied with every demand made by Copious since his termination.

5. On February 19, 2016, Copious demanded the return of the company laptop in Ezell's possession and before the end of the day, my team and I orchestrated the return of the laptop and other materials by hosting an in-person meeting with Mr. Okamura.  Copious also demanded a declaration from Ezell which my team and I initially drafted pursuant to Mr. Okamura's instructions and he then edited and finalized the declaration.  Ezell signed and provided the declaration to Copious that same day.

6. On February 19, 2016, Mr. Okamura and I agreed that a litigation hold to preserve all evidence and protect against the destruction of evidence would be appropriate and would apply to both parties.  Mr. Okamura followed up with a letter the next business day restating the agreement.

7. On February 22, 2016, I arranged an in-person meeting with Mr. Okamura, Ezell, and myself with Mr. Haskins participating by telephone.  For four hours I allowed Mr. Okamura to talk with Ezell, ask him questions, watch him retrieve passwords and confirm deletion of files on his personal accounts, and allowed Mr. Haskins to talk with Ezell about Copious accounts, passwords, and various business items requiring Mr. Haskins' attention.

Page 2 – DECLARATION OF DAYNA CHRISTIAN

At all times, the parties worked well together and the two lengthy meetings on February 19 and 20, 2016 addressed every issue raised by Copious. Ezell was cooperative and helpful to Mr. Haskins and Mr. Okamura.

8. On February 23, 2016, I emailed Mr. Okamura to discuss the return of Ezell's personal property left behind at Copious on the day of his firing as well as other unresolved items. The attorneys conferred in a lengthy telephone call on February 24, 2106 followed by a summary email on the same day stating the unresolved items that the attorneys each agreed to address. The attorneys exchanged emails that day and the next day, making progress towards the unresolved items.

9. The next business day, February 29, 2016, I emailed Mr. Okamura to inquire further about the return of Ezell's personal property, the status of the buy-out negotiations, and the annual shareholder meeting required to take place the following Monday on March 7, 2016. Mr. Okamura agreed to provide only the personal items that it deemed were Ezell's personal property but to-date has failed to do so. Mr. Okamura would not address the status of negotiation and did not address the required shareholder meeting until the morning of the meeting. The annual meeting was not held on March 7, 2016. Instead, this case was filed by Copious and Ezell was served the evening of March 8, 2016.

10. Prior to this case being filed on March 8, 2016, Ezell was fully cooperating with Copious's demands and was diligently working towards unwinding his employment with Copious that dated back to 2005. Ezell was also working towards unwinding his shareholder status with Copious to complete his transition away from Copious and in compliance with the Buy-Sell Agreement entered into by the parties.

11. On March 2, 2016, Ezell discovered Copious documents stored on a personal

Page 3 – DECLARATION OF DAYNA CHRISTIAN

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

on-line account. I immediately notified Mr. Okamura to the fact that shared documents were located on a Lucidchart.com account that required Copious to un-share the documents in order to remove them from Ezell's view.  Mr. Okamura never responded to the email.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

DATED: March 11, 2016.

_____
Dayna Christian

Page 4 – DECLARATION OF DAYNA CHRISTIAN

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351