Dayna J. Christian, OSB #97336
Jeff Demland, OSB #140767
Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, Oregon 97204
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: jeff.demland@immixlaw.com

Attorneys for Defendant Patrick Ezell

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| COPIOUS CREATIVE, INC., an Oregon corporation, | Case No.: 3:16-cv-00427-BR |
| Plaintiff, | |
| v. | DEFENDANT PATRICK EZELL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |
| PATRICK EZELL, an individual, | |
| Defendant. | |

For his Answer to Plaintiff's Complaint, Defendant Patrick Ezell ("Mr. Ezell")

admits, denies, and alleges as follows:

## I.    PARTIES

1.    Mr. Ezell admits, upon information and belief, that Copious Creative, Inc.

("Company) is an Oregon corporation with its principal place of business in Multnomah

Page 1 – DEFENDANT PATRICK EZELL'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

County, Oregon.

2.      Mr. Ezell admits that he is an individual who resides in Multnomah County, Oregon.

## II.      JURISDICTION AND VENUE

3.      Paragraph 3 of Plaintiff's Complaint contains legal assertions of jurisdiction requiring no response.

4.      Paragraph 4 of Plaintiff's Complaint contains legal assertions of personal jurisdiction and proper venue requiring no response.

## III.      FACTS

5.      Mr. Ezell admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.      Mr. Ezell admits the allegations in paragraph 6 of Plaintiff's Complaint.

7.      Mr. Ezell admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.      The Subscription Agreement speaks for itself.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 8 and therefore denies them.

9.      The Bylaws of the Company ("Bylaws") speak for themselves.  No answer to paragraph 9 is required.

10.      The Bylaws speak for themselves.  No answer to the first sentence of paragraph 10 is required.  Mr. Ezell admits that Mr. Haskins has served as the sole director on the Company's Board of Directors from its founding through the present.

11.      The Bylaws speak for themselves.  No answer to paragraph 11 is required.

12.      The Bylaws speak for themselves.  No answer to paragraph 12 is required.

13.      The Bylaws speak for themselves.  No answer to the first two sentences of paragraph 13 is required.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 13 and therefore denies them.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

14.     The Bylaws speak for themselves.  No answer to paragraph 14 is required.

15.     The Bylaws speak for themselves.  No answer to paragraph 15 is required.

16.     The Bylaws speak for themselves.  No answer to paragraph 16 is required.

17.     The Bylaws speak for themselves.  No answer to paragraph 17 is required.

18.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 18 and therefore denies them.

19.     Mr. Ezell denies the allegations in paragraph 19.

20.     The Employee Handbook speaks for itself.  No answer to paragraph 20 is required.

21.     The Employee Handbook speaks for itself.  No answer to paragraph 21 is required.

22.     The Employee Handbook speaks for itself.  No answer to paragraph 22 and all subparts is required.

23.     The Employee Handbook speaks for itself.  No answer to paragraph 23 is required.

24.     The Employee Handbook speaks for itself.  No answer to paragraph 24 is required.

25.     The Employee Handbook speaks for itself.  No answer to paragraph 25 is required.

26.     The Employee Handbook speaks for itself.  No answer to paragraph 26 is required.

27.     The Employee Handbook speaks for itself.  No answer to paragraph 27 is required.

28.     Mr. Ezell admits that the Company provided him with certain Company property for use in the course of his employment.  Mr. Ezell lacks sufficient knowledge or

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

information to either admit or deny the remaining allegations in paragraph 28 and therefore denies them.

29.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 29 and therefore denies them.

30.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 30 and therefore denies them.

31.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 31 and therefore denies them.

32.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 32 and therefore denies them.

33.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 33 and therefore denies them.

34.     Mr. Ezell admits that Mr. Haskins suffered an injury in the fall of 2015, that during this time, Mr. Ezell oversaw the day-to-day operations of the Company, and that during this time, Mr. Haskins remained the President of the Company and its sole director. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 34 and therefore denies them.

35.     Mr. Ezell denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Mr. Ezell denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Mr. Ezell denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Mr. Ezell denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Mr. Ezell admits that he and Mr. Haskins discussed the Buy-Sell Agreement in 2015 and 2016 and that each obtained personal counsel to advise them.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 39 and therefore denies them.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

40.    Mr. Ezell admits that a meeting with counsel present occurred on February 17, 2016 and was held at the offices of Immix Law Group.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 40 and therefore denies them.

41.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 41 and therefore denies them.

42.    Mr. Ezell admits that at the meeting, the parties and their counsel discussed different proposals regarding either of them buying the shares of the other.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 42 and therefore denies them.

43.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 43 and therefore denies them.

44.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 44 and therefore denies them.

45.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 45 and therefore denies them.

46.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 46 and therefore denies them.

47.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 47 and therefore denies them.

48.    Mr. Ezell admits that he did take actions with regards to the American Express and Umpqua Bank accounts.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 48 and therefore denies them.

49.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 49 and therefore denies them.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

50.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 50 and therefore denies them.

51.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 51 and therefore denies them.

52.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 52 and therefore denies them.

53.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 53 and therefore denies them.

54.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 54 and therefore denies them.

55.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 55 and therefore denies them.

56.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 56 and therefore denies them.

57.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 57 and therefore denies them.

58.     Mr. Ezell admits that he had downloaded family photos and personal files. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 58 and therefore denies them.

59.     Mr. Ezell admits that his employment was terminated.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 59 and therefore denies them.

60.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 60 and therefore denies them.

61.     Mr. Ezell admits that on the day that his employment was terminated, that he

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

left the building with his personal bag.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 61 and therefore denies them.

62.     Mr. Ezell denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 63 and therefore denies them.

64.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 64 and therefore denies them.

65.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 65 and therefore denies them.

66.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 66 and therefore denies them.

67.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 67 and therefore denies them.

68.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 68 and therefore denies them.

69.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 69 and therefore denies them.

70.      Mr. Ezell admits that he returned the company laptop on February 19, 2016 and that he signed a declaration that day.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 70 and therefore denies them.

71.     Mr. Ezell admits that his wife, Patricia Ezell, was not a Company employee on February 20, 2016.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 71 and therefore denies them.

72.     Mr. Ezell admits that his counsel, Immix Law Group, sent an email on

Page 7 – DEFENDANT PATRICK EZELL'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

February 24, 2016 inquiring about Company contracts with Leatherman, IngramMicro, and NW Natural.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 72 and therefore denies them.

## IV.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq.)

73.    Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 73 of Plaintiff's Complaint.

74.    Paragraph 74 contains legal assertions requiring no response.

75.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 75 and therefore denies them.

76.    Paragraph 76 contains legal assertions requiring no response.

77.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 77 and therefore denies them.

78.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 78 and therefore denies them.

79.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 79 and therefore denies them.

80.    Mr. Ezell denies the allegations in paragraph 80 and all subparts, of Plaintiff's Complaint.

81.    The statute speaks for itself, and Copious' assertion that it has a private cause of action is a legal assertion requiring no response.

82.    The statute speaks for itself.  No response to paragraph 82 is required.

83.    Mr. Ezell denies the allegations in paragraph 83 of Plaintiff's Complaint.

84.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

allegations in paragraph 84 and therefore denies them.

85.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 85 and therefore denies them.

86.     Mr. Ezell denies the allegations in paragraph 86 of Plaintiff's Complaint.

87.     Paragraph 87 contains legal assertions requiring no response.

## SECOND CLAIM FOR RELIEF

### (Violation of the Stored Communications Act, 18 U.S.C. §§ 2701 et seq.)

88.     Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 88 of Plaintiff's Complaint.

89.     The statute speaks for itself.  No response to paragraph 89 is required.

90.     The statute speaks for itself.  No response to paragraph 90 is required.

91.     The statute speaks for itself.  No response to paragraph 91 is required.

92.     The statute speaks for itself.  No response to paragraph 92 is required.

93.     Mr. Ezell denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 94 and therefore denies them.

95.     Paragraph 95 contains legal assertions requiring no response.

96.     Mr. Ezell denies the allegations in paragraph 96 of Plaintiff's Complaint.

97.     Paragraph 97 contains legal assertions requiring no response.

## THIRD CLAIM FOR RELIEF

### (Violation of the Oregon Uniform Trade Secrets Act, ORS 646.461 et seq.)

98.     Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 98 of Plaintiff's Complaint.

99.     The statute speaks for itself.  No response to paragraph 99 is required.

100.     The statute speaks for itself.  No response to paragraph 100 is required.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

101.    The statute speaks for itself.  No response to paragraph 101 is required.

102.    The statute speaks for itself.  No response to paragraph 102 is required.

103.    The statute speaks for itself.  No response to paragraph 103 is required.

104.    The statute speaks for itself.  No response to paragraph 104 is required.

105.    Mr. Ezell denies the allegations in paragraph 105 of Plaintiff's Complaint.

106.    Mr. Ezell denies the allegations in paragraph 106 of Plaintiff's Complaint.

107.    Mr. Ezell denies the allegations in paragraph 107 of Plaintiff's Complaint.

108.    Paragraph 108 contains legal assertions requiring no response.

109.    Mr. Ezell denies the allegations in paragraph 109 of Plaintiff's Complaint.

110.    Paragraph 110 contains legal assertions requiring no response.

## FOURTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

111.    Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 111 of Plaintiff's Complaint.

112.    Paragraph 112 contains legal assertions requiring no response.

113.    Mr. Ezell denies the allegations in paragraph 113 and all subparts of Plaintiff's Complaint.

114.    Paragraph 114 contains legal assertions requiring no response.

## FIFTH CLAIM FOR RELIEF

### (Fraud)

115.    Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 115 of Plaintiff's Complaint.

116.    Paragraph 116 contains legal assertions requiring no response.

117.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 117 and therefore denies them.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

118.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 118 and therefore denies them.

119.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 119 and therefore denies them.

120.    Paragraph 120 contains legal assertions requiring no response.

121.    Paragraph 121 contains legal assertions requiring no response.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

122.    Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 122 of Plaintiff's Complaint.

123.    Mr. Ezell denies the allegations in paragraph 123 of Plaintiff's Complaint.

124.    Paragraph 124 contains legal assertions requiring no response.

125.    Paragraph 125 contains legal assertions requiring no response.

126.    Paragraph 126 contains legal assertions requiring no response.

127.    Paragraph 127 contains legal assertions requiring no response.

128.    Paragraph 128 contains legal assertions requiring no response.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference)

129.    Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 129 of Plaintiff's Complaint.

130.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 130 and therefore denies them.

131.    Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 131 and therefore denies them.

132.    Mr. Ezell denies the allegations in paragraph 132 of Plaintiff's Complaint.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

133.    Mr. Ezell denies the allegations in paragraph 133 of Plaintiff's Complaint.

134.    Paragraph 134 contains legal assertions requiring no response.

135.    Paragraph 135 contains legal assertions requiring no response.

136.    Paragraph 136 contains legal assertions requiring no response.

## V.    DEMAND FOR JURY TRIAL

137.    Paragraph 137 contains legal assertions requiring no response.

## VI.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

138.    Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

139.    Plaintiff is barred from recovery by its failure to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

140.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

141.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

142.    Plaintiff's demands for injunctive relief fail because Plaintiff has an adequate remedy at law.

### AFFIRMATIVE DEFENSE RESERVATION

143.    Mr. Ezell reserves the right to allege any further affirmative defenses that become apparent during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Mr. Ezell prays that Plaintiff's Complaint be dismissed with prejudice and that Mr. Ezell be awarded judgment in

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

his favor and against Plaintiff, and that Mr. Ezell be awarded his attorney fees, costs, and

disbursements incurred herein.

    DATED March 21, 2016

                    IMMIX LAW GROUP PC


By _____
    Dayna J. Christian, OSB #97336
    Jeff Demland, OSB #140767
    Immix Law Group PC
    121 SW Salmon Street, Suite 1000
    Portland, Oregon 97204
    Phone: (503) 802-5533
    Fax: (503) 802-5351
    E-Mail: dayna.christian@immixlaw.com
    E-Mail: jeff.demland@immixlaw.com

    Attorneys for Defendant Patrick Ezell

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351