Dayna J. Christian, OSB #97336
Jeff Demland, OSB #140767
Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, Oregon 97204
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: jeff.demland@immixlaw.com

Attorneys for Defendant Patrick Ezell

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COPIOUS CREATIVE, INC., an Oregon corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK EZELL, an individual,<br><br>　　　　　　　Defendant. | Case No.: 3:16-cv-00427-BR<br><br>DEFENDANT PATRICK EZELL'S **FIRST AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

For his **First Amended** Answer to Plaintiff's Complaint, Defendant Patrick Ezell ("Mr. Ezell") admits, denies, and alleges as follows:

### I.　　PARTIES

1.　　Mr. Ezell admits, upon information and belief, that Copious Creative, Inc. ("Company") is an Oregon corporation with its principal place of business in Multnomah

Page 1 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND
　　　　　AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

County, Oregon.

2.     Mr. Ezell admits that he is an individual who resides in Multnomah County, Oregon.

## II.     JURISDICTION AND VENUE

3.     Paragraph 3 of Plaintiff's Complaint contains legal assertions of jurisdiction requiring no response.

4.     Paragraph 4 of Plaintiff's Complaint contains legal assertions of personal jurisdiction and proper venue requiring no response.

## III.     FACTS

5.     Mr. Ezell admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.     Mr. Ezell admits the allegations in paragraph 6 of Plaintiff's Complaint.

7.     Mr. Ezell admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.     The Subscription Agreement speaks for itself.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 8 and therefore denies them.

9.     The Bylaws of the Company ("Bylaws") speak for themselves.  No answer to paragraph 9 is required.

10.     The Bylaws speak for themselves.  No answer to the first sentence of paragraph 10 is required.  Mr. Ezell admits that Mr. Haskins has served as the sole director on the Company's Board of Directors from its founding through the present.

11.     The Bylaws speak for themselves.  No answer to paragraph 11 is required.

12.     The Bylaws speak for themselves.  No answer to paragraph 12 is required.

13.     The Bylaws speak for themselves.  No answer to the first two sentences of paragraph 13 is required.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 13 and therefore denies them.

Page 2 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

14. The Bylaws speak for themselves. No answer to paragraph 14 is required.

15. The Bylaws speak for themselves. No answer to paragraph 15 is required.

16. The Bylaws speak for themselves. No answer to paragraph 16 is required.

17. The Bylaws speak for themselves. No answer to paragraph 17 is required.

18. Mr. Ezell admits that the Company updated its Employee Handbook in January 2015, that the cover of the updated Employee Handbook bears a quote by Mr. Ezell, and that the cover of the updated Employee Handbook represents Mr. Ezell as the Company's "CEO." Mr. Ezell denies that he played a key role in drafting the Employee Handbook, or ensuring employees, including him, signed or adhered to the Employee Handbook. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 18 and therefore denies them.

19. Mr. Ezell denies the allegations in paragraph 19.

20. The Employee Handbook speaks for itself. No answer to paragraph 20 is required.

21. The Employee Handbook speaks for itself. No answer to paragraph 21 is required.

22. The Employee Handbook speaks for itself. No answer to paragraph 22 and all subparts is required.

23. The Employee Handbook speaks for itself. No answer to paragraph 23 is required.

24. The Employee Handbook speaks for itself. No answer to paragraph 24 is required.

25. The Employee Handbook speaks for itself. No answer to paragraph 25 is required.

26. The Employee Handbook speaks for itself. No answer to paragraph 26 is

Page 3 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

required.

27. The Employee Handbook speaks for itself. No answer to paragraph 27 is required.

28. Mr. Ezell admits that the Company provided him with certain Company property for use in the course of his employment which included laptop computers and computer peripherals. Mr. Ezell admits that the Company gave him access to the Umpqua Bank account, an American Express credit card, telephone and data services accounts, and local and cloud-based computing accounts. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 28 and therefore denies them.

29. Mr. Ezell admits that in 2013 he became an advisor to OnTheGo Platforms, Inc. ("OTG"), a locally-based start-up technology company. Mr. Ezell admits that in 2014 he received an option to purchase shares of OTG. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 29 and therefore denies them.

30. Mr. Ezell admits that in February 2015 the Company moved into new offices and that he offered OTG the opportunity to sublease space at the Company's offices. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 30 and therefore denies them.

31. Mr. Ezell admits that he negotiated the terms of OTG's sublease but denies that he negotiated on behalf of OTG. Mr. Ezell denies that OTG was receiving significant free rent or that his option to purchase OTG shares would transfer to the benefit of the Company. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 31 and therefore denies them.

32. Mr. Ezell admits that in October 2015 he communicated to OTG his desire to

Page 4 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

exercise the option to purchase shares in OTG, which was being acquired by Atheer, Inc., a technology company based in California. Mr. Ezell admits that the option did not inure to the benefit of the Company but denies that he had represented that the option would inure to the benefit of the Company. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 32 and therefore denies them.

33. Mr. Ezell admits that in November 2015, he completed the exercise of stock option rights and became a shareholder in OTG. Mr. Ezell denies that he deprived the Company of the business opportunity or that he promised any such opportunity. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 33 and therefore denies them.

34. Mr. Ezell admits that Mr. Haskins suffered an injury in the fall of 2015, that during this time, Mr. Ezell oversaw the day-to-day operations of the Company, and that during this time, Mr. Haskins remained the President of the Company and its sole director. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 34 and therefore denies them.

35. Mr. Ezell denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Mr. Ezell denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Mr. Ezell denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Mr. Ezell denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Mr. Ezell admits that he and Mr. Haskins discussed the Buy-Sell Agreement in 2015 and 2016 and that each obtained personal counsel to advise them. Mr. Ezell admits that he used the Company's American Express credit card to pay a retainer to the Immix Law Group but denies that he did not have authority to use the Company credit card to pay a retainer. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 39 and therefore denies them.

Page 5 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

40. Mr. Ezell admits that a meeting with counsel present occurred on February 17, 2016 at 1:00 pm and was held at the offices of Immix Law Group.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 40 and therefore denies them.

41. Mr. Ezell admits that Salesforce is a cloud-based software platform.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 41.

42. Mr. Ezell admits that at the meeting, the parties and their counsel discussed different proposals regarding either of them buying the shares of the other.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 42 and therefore denies them.

43. Mr. Ezell admits that Box.com is a cloud-based secure file storage platform.  Mr. Ezell denies that he was the sole "Super Administrator" for the Company's Box.com account.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 43.

44. Mr. Ezell admits that Google App is a cloud-based enterprise email service.  Mr. Ezell denies that this was for the purposes of furthering a fraudulent theft of Company information.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 44.

45. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 45.

Page 6 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

46.     Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 46.

47.     Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 47.

48.     Mr. Ezell admits that he did take actions with regards to American Express to freeze all other card holders on the Company's accounts and froze additional access to the Company credit line at Umpqua Bank.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 48 and therefore denies them.

49.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 49 and therefore denies them.

50.     Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 50.

51.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 51 and therefore denies them.

52.     Mr. Ezell admits that he called the leadership team into his office and generally announced that he was being bought out.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 52 and therefore denies them.

53.     Mr. Ezell admits that he sent an email to all employees of the Company.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 53 and therefore denies them.

54.     Mr. Ezell admits that he received emails from Dropbox, a cloud based file

Page 7 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

storage and sharing application, confirming that he successfully changed the password to the Dropbox account, and had successfully changed the username from patrick@copiousinc.com to pezell@gmail.com which is his personal email address.  Mr. Ezell denies that he continues to wrongfully retain control of the Company's Dropbox account.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 54 and therefore denies them.

55.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 55 and therefore denies them.

56.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 56 and therefore denies them.

57.     Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 57 and therefore denies them.

58.     Mr. Ezell admits that he entered Mr. Haskins' office and generally asked why his Company Google account access had been removed.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 58 and therefore denies them.

59.     Mr. Ezell admits that his employment was terminated.  Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 59 and therefore denies them.

60.     Mr. Ezell admits that when Mr. Haskins entered his office, Mr. Haskins asked him to leave his Company laptop computer and to exit the building.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 60.

61.     Mr. Ezell admits that on the day that his employment was terminated, that he

Page 8 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

left the building with his personal bag.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 61.

62.	Mr. Ezell denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.	Mr. Ezell admits that Evernote is a cloud-based application.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 63.

64.	Mr. Ezell admits that Atlassian Confluence is a cloud-based application.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 64.

65.	Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 65.

66.	Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 66.

67.	Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 67 and therefore denies them.

68.	Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 68.

69.	Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 69 and therefore denies them.

Page 9 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

70. Mr. Ezell admits that he returned the Company laptop on February 19, 2016 and that he signed a declaration that day. The referenced declaration speaks for itself. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 70.

71. Mr. Ezell admits that his wife, Patricia Ezell, was not a Company employee on February 20, 2016. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the remaining allegations in paragraph 71.

72. Mr. Ezell admits that his counsel, Immix Law Group, sent an email on February 24, 2016 inquiring about Company contracts with Leatherman, IngramMicro, and NW Natural. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 72 and therefore denies them.

## IV.  CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq.)**

73. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 73 of Plaintiff's Complaint.

74. Paragraph 74 contains legal assertions requiring no response.

75. Mr. Ezell admits that the Company's Salesforce.com, Box.com, InVision, Evernote, Atlassian Confluence, and email accounts are computer programs and applications. Mr. Ezell admits that Company employees access Company computers, computer systems, and accounts to provide Company digital services to Company customers throughout the United States and international customers. Paragraph 75 contains legal assertions requiring no response. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the

Page 10 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

remaining allegations in paragraph 75 and therefore denies them.

76. Paragraph 76 contains legal assertions requiring no response.

77. Mr. Ezell denies the allegations in paragraph 77.

78. Mr. Ezell denies the allegations in paragraph 78.

79. Mr. Ezell denies the allegations in paragraph 79.

80. Mr. Ezell denies the allegations in paragraph 80 and all subparts, of Plaintiff's Complaint.

81. The statute speaks for itself, and the assertion that a private cause of action exists is a legal assertion requiring no response.

82. The statute speaks for itself. No response to paragraph 82 is required.

83. Paragraph 83 contains legal assertions requiring no response.

84. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 84 and therefore denies them.

85. Paragraph 85 contains legal assertions requiring no response.

86. Paragraph 86 and all subparts contain legal assertions requiring no response.

87. Paragraph 87 contains legal assertions requiring no response.

## SECOND CLAIM FOR RELIEF

### (Violation of the Stored Communications Act, 18 U.S.C. §§ 2701 et seq.)

88. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 88 of Plaintiff's Complaint.

89. The statute speaks for itself. No response to paragraph 89 is required.

90. The statute speaks for itself. No response to paragraph 90 is required.

91. The statute speaks for itself. No response to paragraph 91 is required.

92. The statute speaks for itself. No response to paragraph 92 is required.

93. Paragraph 93 contains legal assertions requiring no response.

Page 11 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Page 11 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

94. Paragraph 94 contains legal assertions requiring no response.

95. Paragraph 95 contains legal assertions requiring no response.

96. Paragraph 96 and all subparts contain legal assertions requiring no response.

97. Paragraph 97 contains legal assertions requiring no response.

## THIRD CLAIM FOR RELIEF

**(Violation of the Oregon Uniform Trade Secrets Act, ORS 646.461 et seq.)**

98. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 98 of Plaintiff's Complaint.

99. The statute speaks for itself. No response to paragraph 99 is required.

100. The statute speaks for itself. No response to paragraph 100 is required.

101. The statute speaks for itself. No response to paragraph 101 is required.

102. The statute speaks for itself. No response to paragraph 102 is required.

103. The statute speaks for itself. No response to paragraph 103 is required.

104. The statute speaks for itself. No response to paragraph 104 is required.

105. Paragraph 105 contains legal assertions requiring no response.

106. Paragraph 106 contains legal assertions requiring no response.

107. Paragraph 107 contains legal assertions requiring no response.

108. Paragraph 108 contains legal assertions requiring no response.

109. Paragraph 109 and all subparts contain legal assertions requiring no response.

110. Paragraph 110 contains legal assertions requiring no response.

## FOURTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duty)**

111. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 111 of Plaintiff's Complaint.

112. Paragraph 112 contains legal assertions requiring no response.

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

113. Paragraph 113 contains legal assertions requiring no response.

114. Paragraph 114 contains legal assertions requiring no response.

## FIFTH CLAIM FOR RELIEF

### (Fraud)

115. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 115 of Plaintiff's Complaint.

116. Paragraph 116 contains legal assertions requiring no response.

117. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 117.

118. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 118.

119. Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Mr. Ezell respectfully declines to answer the allegations in paragraph 119.

120. Paragraph 120 contains legal assertions requiring no response.

121. Paragraph 121 contains legal assertions requiring no response.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

122. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 122 of Plaintiff's Complaint.

123. Mr. Ezell denies the allegations in paragraph 123 of Plaintiff's Complaint.

124. Paragraph 124 contains legal assertions requiring no response.

125. Paragraph 125 contains legal assertions requiring no response.

Page 13 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

126. Paragraph 126 contains legal assertions requiring no response.

127. Paragraph 127 contains legal assertions requiring no response.

128. Paragraph 128 contains legal assertions requiring no response.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference)

129. Mr. Ezell incorporates his prior responses to all preceding paragraphs in response to paragraph 129 of Plaintiff's Complaint.

130. Mr. Ezell admits that the Company had some business relationship with American Express, Umpqua Bank, and clients. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 130 and therefore denies them.

131. Mr. Ezell admits the he was aware of the Company's business relationships with American Express, Umpqua Bank, and clients. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 131 and therefore denies them.

132. Paragraph 132 contains legal assertions requiring no response.

133. Paragraph 133 contains legal assertions with regard to intentional interference, requiring no response. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 133 and therefore denies them.

134. Paragraph 134 contains legal assertions regarding legal right to take actions, requiring no response. Mr. Ezell denies the remaining allegations in paragraph 134.

135. Mr. Ezell lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 135 and therefore denies them.

136. Paragraph 136 contains legal assertions requiring no response.

///

Page 14 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

### V.  DEMAND FOR JURY TRIAL

137.  Paragraph 137 contains legal assertions requiring no response.

### VI.  AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

138.  Plaintiff has failed to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

139.  Plaintiff is barred from recovery by its failure to mitigate its alleged damages.

#### THIRD AFFIRMATIVE DEFENSE

140.  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, and estoppel.

#### FOURTH AFFIRMATIVE DEFENSE

141.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

#### FIFTH AFFIRMATIVE DEFENSE

142.  Plaintiff's demands for injunctive relief fail because Plaintiff has an adequate remedy at law.

#### SIXTH AFFIRMATIVE DEFENSE

143.  Pursuant to Article 1, section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution, Plaintiff is entitled to refrain from answering allegations that might tend to incriminate him.

#### AFFIRMATIVE DEFENSE RESERVATION

144.  Mr. Ezell reserves the right to allege any further affirmative defenses that become apparent during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Mr. Ezell prays that Plaintiff's Complaint be dismissed with prejudice and that Mr. Ezell be awarded judgment in

Page 15 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

his favor and against Plaintiff, and that Mr. Ezell be awarded his attorney fees, costs, and disbursements incurred herein.

DATED March 25, 2016

                IMMIX LAW GROUP PC

By _____
    Dayna J. Christian, OSB #97336
    Jeff Demland, OSB #140767
    Immix Law Group PC
    121 SW Salmon Street, Suite 1000
    Portland, Oregon 97204
    Phone: (503) 802-5533
    Fax: (503) 802-5351
    E-Mail: dayna.christian@immixlaw.com
    E-Mail: jeff.demland@immixlaw.com

    Attorneys for Defendant Patrick Ezell

Page 16 – DEFENDANT PATRICK EZELL'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351